HELMES, Plaintiff in Error, v. STEWART, Defendant in Error.

1. Where, in an action of unlawful detainer, the defendant admits that he is in possession of the premises under and by virtue of a lease executed by the plaintiff, he can not be permitted to invoke the presumption that the plaintiff, being a person of color, is a slave and consequently incapacitated to make a lease or to maintain such a suit.

*Error to St. Louis Land Court.*

This was an action of unlawful detainer. It appeared in evidence that the plaintiff had leased the premises in controversy to one Heitzig in 1846. Defendant admitted that he was in possession thereof under and by virtue of said lease. Plaintiff claimed that there was a forfeiture of said lease. Plaintiff was a person of color. The court, at the instance of defendant, gave the following instruction: " It being admitted that the plaintiff is a person of color, this fact is presumptive evidence of slavery, and in the absence of proof showing his freedom, the plaintiff can not recover." The plaintiff thereupon took a nonsuit, with leave, &c.

*C. Gibson*, for plaintiff in error.

I. Defendant was not in a position to dispute the title of plaintiff. The only question that could be inquired into was whether defendant held the property under the plaintiff and received it of him. The presumption arising from color is overcome by the fact that plaintiff is the owner of the property and had a right to make the lease to Heitzig, which the defendant can not deny. (See 5 Har. & Jo. 194; 2 Pet. 670.)

*Shreve,* for defendant in error.

I. The instruction was properly given. Color is *prima facie* evidence of slavery. (2 Halst. 353 ; 3 Halst. 275 ; 1 Dev. 376 ; 2 Bibb, 238 ; 7 Louis. 135 ; 1 Hen. & Munf. 133 ; 1 Tayl. 100 ; 22 Ala. 599 ; 17 Ala. 80 ; 7 Ired. 275 ; 3 Dana, 382 ; 2 Hayw. 170 ; 3 Green, 266 ; 4 Harr. 173 ; 3 id. 551 ; 5 S. & M. 609 ; 5 McLean, 469, 484 ; 5 Mary. 91 ; 6 Gill. & Jo. 136 ; 19 Mart. 648 ; 1 Rich. 316 ; 1 Cow. & Hill's notes, 294, 361, 484 ; 7 Mo. 197.)

NAPTON, Judge, delivered the opinion of the court.

The doctrine that color raises the presumption of slavery was, in our opinion, not applicable to this case, and the instruction upon that point should not have been given. The suit was for unlawful detainer and the defendant admitted himself to be in possession of the premises under a lease from the plaintiff. The point in dispute was whether the lease had been forfeited or terminated. The plaintiff, if a slave, could have had no title to the premises ; but the defendant's admission that his possession was held under a lease from the plaintiff precluded him from denying the title, and it did not lie in his mouth to say that the plaintiff was a slave. There was no room for submitting any presumptions about the matter to the jury, one presumption in law being destroyed by the other.

The judgment will be reversed and the cause remanded ; the other judges concur.